UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNTOINETTE LYNN DAVIS,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

Case No. 10-14518
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

## OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     February 16, 2012    

PRESENT: Honorable Gerald E. Rosen
                 Chief Judge, United States District Court

On October 27, 2011, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R & R") recommending that the Court grant in part Plaintiff Anntoinette Lynn Davis's motion for summary judgment, deny the Defendant Commissioner of Social Security's motion for summary judgment, and remand this case for further administrative proceedings. Defendant filed objections to the R & R on November 10, 2011, and Plaintiff filed a response to these objections on November 15, 2011. Having reviewed the R & R, Defendant's objections, Plaintiff's response, the parties' underlying summary judgment motions, and the administrative record, the Court

overrules Defendant's objections and adopts the R & R in its entirety.

In his objections to the R & R, the Defendant Commissioner does not take issue with the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") erred in relying on the testimony of a vocational expert that was inconsistent, at least to some extent, with the ALJ's apparent determination that Plaintiff was limited to unskilled work. Given the ALJ's decision to "afford[] great weight" to the opinion of a state agency physician, Dr. Leonard Balunas, (Admin. Record at 42), and given this physician's finding that Plaintiff was "able to perform unskilled work involving 1 and 2 step instructions with limited need for sustained concentration, minimal contact with the general public and only occasional, minor changes in the work setting," (*id.* at 620), Defendant concedes that it was error for the ALJ to nonetheless conclude that Plaintiff could perform the semi-skilled jobs of file clerk and clerk typist cited in the vocational expert's testimony at the administrative hearing. Despite this error, however, Defendant argues that a remand is unnecessary because a *third* job referenced in the testimony of the vocational expert — the position of mail clerk — is unskilled, and therefore would accommodate Plaintiff's restrictions as determined by the ALJ.

The Court cannot agree that the error and ambiguity in the ALJ's decision are so readily excised through the simple elimination of two of the positions identified by the vocational expert. First, and as observed by the Magistrate Judge, there is an undeniable tension in the ALJ's statements (i) on the one hand, that the report of Dr. Balunas was entitled to "great weight" as "supported by the bulk of the medical evidence of record"

2

and consistent with Plaintiff's own self-reports of her limitations, (Admin. Record at 42), and (ii) on the other hand, that Plaintiff was capable of performing "[a]ll" of the jobs identified by the vocational expert, which the ALJ characterized as "semi-skilled" positions, (*id.* at 43).[1]  Under this record, it is impossible to say whether the ALJ meant to adopt Dr. Balunas's finding that Plaintiff was limited to unskilled work, but then failed to convey this limitation in his hypothetical questions to the vocational expert, or whether the ALJ instead determined, despite Dr. Balunas's findings, that Plaintiff was capable of performing semi-skilled work.

Defendant suggests, however, that this ambiguity need not be resolved, because even if the ALJ's findings are construed as limiting Plaintiff to unskilled work, the mail clerk position referenced in the testimony of the vocational expert would remain available and consistent with this limitation.  Under these circumstances, Defendant argues that a "remand will not change the outcome of the case, whether the ALJ chooses to add a limitation to unskilled work or not."  (Defendant's Objections at 4.)  In either event, Defendant contends that the testimony of the vocational expert would remain accurate and unchallenged as to the availability of at least one class of job that Plaintiff would be capable of performing despite her limitations, and the ALJ, in turn, would be entitled to rely on this aspect of the vocational expert's testimony.

The Court declines Defendant's invitation to, in effect, take on a task that lies

---

[1] As noted by the Magistrate Judge, this characterization was erroneous, because the mail clerk position is unskilled.  (*See* R & R at 15.)

uniquely within the competence of the vocational expert — namely, to opine "whether, given a claimant's age, experience, and education, along with the ALJ's assessment of what she can and cannot do, there exist a significant number of employment opportunities for her in the regional and national economies." *Webb v. Commissioner of Social Security,* 368 F.3d 629, 633 (6th Cir. 2004) (internal quotation marks omitted). Regardless of how one resolves the unskilled/semi-skilled ambiguity in the ALJ's decision, a question would remain as to whether the ALJ accurately portrayed Plaintiff's capabilities and limitations in his hypothetical questions to the vocational expert, where these questions referenced the need for a "set, predictable routine with little need to adapt to substantial changes," (Admin. Record at 24), but did not include the limitation to "unskilled work involving 1 and 2 step instructions" as set forth in Dr. Balunas's report, (*id.* at 620). It is also unclear whether the inclusion of this latter limitation would have affected the vocational expert's testimony, where the vocational expert identified "predictable activities" and "a routine that's very consistent" as features common to all three of the jobs referenced in his testimony, (*id.* at 24-25), but he made no effort to address any possible distinctions among these jobs as to the ***complexity*** of their predictable activities and consistent routines.² There was no need, after all, to distinguish

---

²As Plaintiff points out in her response to Defendant's objections, the Dictionary of Occupational Titles classifies the position of mail clerk as having a "reasoning level" of 3. In contrast, the capacity to carry out only one- or two-step instructions is considered indicative of a "reasoning level" of 1. (*See* Plaintiff's Response at 4.) While Defendant cites the vocational expert's testimony that the position of mail clerk is "relatively simple," (Admin. Record at 26), this statement was made in response to a hypothetical question addressing an individual who suffered from "considerable ***delays*** in learning new, detailed, and complex information," (*id.*

among the three jobs on this ground, because the questions to the vocational expert did not incorporate a limitation to one- or two-step instructions.

Under this record, the Court is unwilling to speculate as to how the vocational expert might have testified in response to hypothetical questions that reflected the full extent of the limitations identified in Dr. Balunas's report. Contrary to Defendant's suggestion, this is not a matter of simply disregarding the vocational expert's references to semi-skilled positions. Rather, the Court agrees with the Magistrate Judge that this case should be remanded for further administrative proceedings, so that the ALJ may more precisely articulate the nature and extent of Plaintiff's limitations, and so that the vocational expert may be given an opportunity to consider and respond to hypothetical questions that more accurately reflect these limitations as found by the ALJ.

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's objections to the Magistrate Judge's October 27, 2011 Report and Recommendation are OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED in its entirety, as supplemented by the rulings in this opinion and order. Finally, IT IS FURTHER ORDERED that, for the reasons set forth above and in the Magistrate Judge's Report and Recommendation, Plaintiff's February 4,

---

(emphasis added)), and not an individual who was wholly *unable* to follow detailed or complex instructions. It is not within the province or expertise of this Court to determine whether the position of mail clerk can be performed by individuals having either of these limitations.

2011 motion for summary judgment (docket #9) is GRANTED IN PART, Defendant's April 6, 2011 motion for summary judgment (docket #12) is DENIED, and this case is REMANDED to the Defendant Commissioner for further administrative proceedings.

          s/Gerald E. Rosen
          Chief Judge, United States District Court

Dated:  February 16, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 16, 2012, by electronic and/or ordinary mail.

          s/Ruth A. Gunther
          Case Manager